**STEPTOE & JOHNSON LLP**
Robyn C. Crowther, Bar No. 193840
rcrowther@steptoe.com
633 West Fifth Street
Suite 1900
Los Angeles, California 90071-3500
Telephone:  213 439 9400
Facsimile:   213 439 9599

**STEPTOE & JOHNSON LLP**
Bill Toth, Bar No. 300055
btoth@steptoe.com
1330 Connecticut Avenue, NW
Washington, DC 2236
Telephone:  202 429 6257

Attorneys for Defendant
ARRAY ALLIANCE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE ARNOLD,<br><br>             Plaintiff,<br><br>     v.<br><br>ARRAY ALLIANCE, INC.,<br><br>             Defendant. | Case No. 2:22-cv-02186-AB-PLA<br><br>**ANSWER TO COMPLAINT** |

ANSWER TO COMPLAINT

Defendant ARRAY Alliance, Inc., ("ARRAY") hereby answers the complaint for copyright infringement (Dkt. No. 1) filed by Plaintiff Alice Arnold on April 1, 2022, as follows:

## SUMMARY OF THE ACTION

1. ARRAY admits the allegations of the nature of the case in paragraph 1 of the complaint.

2. ARRAY lacks information sufficient to form a belief as to the facts alleged in paragraph 2 of the complaint, and on that basis, ARRAY denies these allegations.

3. ARRAY lacks information sufficient to form a belief as to the facts alleged in paragraph 3 of the complaint, and on that basis, ARRAY denies these allegations.

4. Paragraph 4 is not numbered; ARRAY admits the allegations in the un-numbered indented paragraph following paragraph 3.

5. Paragraph 5 is not numbered; ARRAY admits the allegations in the un-numbered indented paragraph preceding paragraph 6 to the extent they summarize Arnold's allegations, but denies that it copied Arnold's copyrighted Work from the internet in order to advertise, market and promote its business activities or for the purpose of advertising and promoting sales to the public in the course and scope of ARRAY's business.

## JURISDICTION AND VENUE

6. ARRAY admits the allegations of the nature of the case in paragraph 6 of the complaint.

7. ARRAY admits the allegations regarding subject matter jurisdiction in paragraph 7 of the complaint.

8. ARRAY admits the allegations regarding personal jurisdiction in paragraph 8 of the complaint.

9. ARRAY admits the allegations regarding ARRAY's residency and regarding personal jurisdiction and venue in paragraph 9 of the complaint. ARRAY denies the legal conclusion of infringement.

## DEFENDANT

10. ARRAY admits the allegations in paragraph 10 of the complaint.

## ARNOLD'S ALLEGATIONS REGARDING THE COPYRIGHTED WORK AT ISSUE

11. ARRAY admits the image depicted in paragraph 11 of the complaint (the "Work") appears to depict Octavia Butler and appears to be the image at issue. ARRAY lacks information sufficient to form a belief as to the remaining facts alleged in paragraph 11 of the complaint, and on that basis, ARRAY denies these allegations.

12. Paragraph 12 is not numbered. ARRAY lacks information sufficient to form a belief as to the facts alleged in the un-numbered paragraph following paragraph 11 of the complaint, and on that basis, ARRAY denies these allegations.

13. ARRAY lacks information sufficient to form a belief as to the facts alleged in paragraph 13 of the complaint, and on that basis, ARRAY denies these allegations.

## ARNOLD'S ALLEGATIONS OF INFRINGEMENT BY DEFENDANT

14. ARRAY admits the allegation concerning licensure in paragraph 14 of the complaint.

15. ARRAY admits that on a date after the Work was created but prior to the filing of this action, ARRAY posted the Work on its verified Twitter account (@ARRAYNow) as part of a thread to celebrate the birthday of Octavia Butler and to educate the public about Octavia Butler.

16. ARRAY admits that it posted the Work on its verified Twitter account (@ARRAYNow) as part of a thread to celebrate the birthday of Octavia Butler and to educate the public about Octavia Butler. ARRAY lacks information sufficient to form a belief as to the remaining facts alleged in paragraph 16 of the complaint regarding Arnold's knowledge, and on that basis, ARRAY denies these allegations.

17. Array admits that it posted the Work on its verified Twitter account (@ARRAYNow) as part of a thread to celebrate the birthday of Octavia Butler and to educate the public about Octavia Butler.  The remainder of this paragraph contains legal conclusions and questions of law to which no response is required.

18. ARRAY denies the allegations in paragraph 18 of the complaint.

19. ARRAY lacks information sufficient to form a belief as to the facts alleged in paragraph 19 of the complaint regarding Arnold's knowledge, and on that basis, ARRAY denies these allegations.

20. ARRAY denies the allegations in paragraph 20 of the complaint.

21. ARRAY admits that Arnold did not expressly give ARRAY permission authority to copy, distribute, or display the Work.

22. ARRAY admits that it received notices dated April 22, 2021, and May 10, 2021, which letters also included the details of ARRAY's tweet. ARRAY denies that it failed to respond to the notices.

## ARNOLD'S COUNT I
## (COPYRIGHT INFRINGEMENT)

23. Paragraph 23 of the complaint realleges facts for which no further response is required. To the extent that this paragraph contains factual allegations, ARRAY realleges its responses above and denies any remaining factual allegations.

24. Paragraph 24 of the complaint consists of legal conclusions and questions of law to which no response is required.

25. ARRAY lacks information sufficient to form a belief as to the facts alleged in paragraph 25 of the complaint, and on that basis, ARRAY denies these allegations.

26. Paragraph 26 of the complaint consists of legal conclusions and questions of law to which no response is required.

27. ARRAY denies the allegations in paragraph 27 of the complaint.

28. ARRAY denies the allegations in paragraph 28 of the complaint.

29. ARRAY lacks information sufficient to form a belief as to the facts alleged in paragraph 29 of the complaint, and on that basis, ARRAY denies these allegations.

30. ARRAY lacks information sufficient to form a belief as to the facts alleged in paragraph 30 of the complaint, and on that basis, ARRAY denies these allegations.

## ARNOLD'S REQUEST FOR RELIEF

Arnold's request for relief section is not set-off with a separate heading. ARRAY denies that Arnold is entitled to any relief on its complaint.

## JURY DEMAND

ARRAY joins Arnold's request for a jury trial.

## ARRAY'S AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden rests with Arnold, ARRAY asserts the following affirmative defenses to Arnold's complaint:

### FIRST AFFIRMATIVE DEFENSE
### (FAIR USE)

Arnold's claims are barred by the doctrine of fair use, as codified in 17 U.S.C. 107.

## SECOND AFFIRMATIVE DEFENSE
## (INVALID COPYRIGHT)

Arnold's claims are barred because the asserted copyrights are invalid or unenforceable.

## THIRD AFFIRMATIVE DEFENSE
## (COPYRIGHT MISUSE)

Arnold's claims are barred by the doctrine of copyright misuse.

## FOURTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

Arnold's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE)

Arnold's claims for damages are barred by her failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE
## (EQUITABLE ESTOPPEL)

Arnold's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
## (IMPLIED LICENSE)

Arnold's claims are barred, in whole or in part, by the doctrine of implied license.

## EIGHTH AFFIRMATIVE DEFENSE
## (INNOCENT INFRINGEMENT)

ARRAY's conduct was innocent and not a willful infringement of copyright and accordingly any statutory damages should be reduced under 17 U.S.C. 504(c)(2).

### NINTH AFFIRMATIVE DEFENSE
### (DECEPTIVE AND MISLEADING)

Arnold's claims are barred due to their deceptive and misleading advertising in connection with the distribution of all alleged copyrighted works.

### TENTH AFFIRMATIVE DEFENSE
### (WAIVER)

Arnold has waived her rights to claim copyright infringement.

### ELEVENTH AFFIRMATIVE DEFENSE
### (ABANDONMENT/FORFEITURE)

Arnold has abandoned or forfeited her copyrights.

### TWELFTH AFFIRMATIVE DEFENSE
### (ACQUIESCENCE)

Arnold has acquiesced in any alleged copyright infringement.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (LACHES)

Arnold's action is barred by the doctrine of laches.

### RESERVATION OF DEFENSES

ARRAY reserves the right to add any additional defenses that discovery may reveal.

### ARRAY'S PRAYER FOR RELIEF

WHEREFORE, Array requests the following:

a. Dismissal of Arnold's action with prejudice;

b. An order that Arnold shall take no relief from her complaint herein;

c. An award of ARRAY's costs and attorney's fees incurred in defending against Arnold's claims; and

d. Such further and other relief as the Court deems fair and just.

**JURY DEMAND**

Defendant ARRAY Alliance, Inc. hereby demands a trial by jury of all issues so triable.

Dated: April 26, 2022

Respectfully submitted,

/s/  Robyn C. Crowther
Robyn C. Crowther
Bill Toth
STEPTOE & JOHNSON LLP

*Attorney for Defendant
ARRAY Alliance, Inc.*

STEPTOE & JOHNSON LLP
LOS ANGELES

8
ANSWER TO COMPLAINT